IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KAREN J. SAMPSON,

    Plaintiff,

v.                                                           Civil Action No. 5:07CV73
                                                                      (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF
AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT**

I.   Procedural History

The plaintiff, Karen J. Sampson, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. In the application, the plaintiff alleged disability since July 11, 2003, due to pinched nerves and muscle spasms in her neck and spine, and arthritis and carpal tunnel in both her hands. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested a hearing, and a hearing before an Administrative Law Judge ("ALJ") was held. Subsequently, the ALJ issued a decision finding that the plaintiff was not under a disability as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff

filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant filed cross-motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for DIB was proper because the ALJ properly concluded that the plaintiff's mental impairments were not severe; because the ALJ was under no duty to obtain additional medical evidence; because the ALJ properly considered the impact of the plaintiff's mental impairments on her ability to work when the ALJ assessed the plaintiff's residual functional capacity ("RFC"); and because the ALJ's determination of the plaintiff's RFC is supported by substantial evidence. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgement be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written

objections within ten days after being served with a copy of the report.  With leave of the Court, the plaintiff filed untimely objections.  For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the plaintiff's motion for summary judgment should be denied, and that the defendant's motion for summary judgment should be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because untimely objections were filed with leave of the Court in this case, a de novo review of those portions of the report and recommendation to which the plaintiff has objected is proper.  All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In her motion for summary judgment, the plaintiff raises four contentions. First, she argues that the ALJ erred in failing to find that the anxiety and depression from which she suffers constitute severe mental impairments. Second, she contends that the ALJ failed in his obligation to obtain additional medical evidence of the plaintiff's mental impairments. Third, she alleges

4

that the ALJ failed in his duty to consider the impact of her mental impairments on her ability to work.  Finally, the plaintiff maintains that the ALJ's determination of the plaintiff's RFC is not supported by substantial evidence because he failed to consider the limitations caused by her mental impairments and to consider the limitations identified by the medical opinions provided by Dr. Ahmed, Dr. Garner, Dr. Hay [the Disability Determination Services ("DDS") physician], and Dr. Bennett.

By contrast, the defendant's motion for summary judgment contends that the record contains substantial evidence to support the ALJ's conclusion that the plaintiff's mental impairments are not severe.  The defendant further argues that the ALJ did not have a duty to obtain additional medical evidence.  The defendant also asserts that the ALJ properly considered the impact of the plaintiff's mental impairments on her ability to work.  Finally, the defendant argues that the ALJ's determination of the plaintiff's RFC is supported by substantial evidence because the ALJ considered the limitations imposed upon the plaintiff by her mental impairments in light of the opinions of the medical opinions of Dr. Ahmed, Dr. Garner, Dr. Hay, and Dr. Bennett.

An ALJ's findings must be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v.

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A.  Severe Mental Impairments

The magistrate judge found that despite evidence in the record to support the plaintiff's continued complaints and diagnoses of anxiety and depression, the record does not demonstrate that the plaintiff's ability to work has been significantly limited by her mental impairments. The magistrate concluded that the ALJ's findings of non-severe mental impairment were supported by substantial evidence and that the ALJ, in reaching his own conclusions, reasonably relied upon the conclusions by the Disability Determination Services ("DDS") physician that the plaintiff's mental impairments were not severe. The plaintiff asserts that the magistrate judge erred by grounding his opinion upon a finding that the plaintiff had failed to seek mental health treatment before January 2006.

After conducting a de novo review of the record, this Court agrees with the magistrate judge that substantial evidence in the record supports the ALJ's determination that the plaintiff's mental impairments do not significantly limit her ability to work and that the ALJ's reliance on the DDS physician's assessment of the plaintiff's mental impairments as non-severe was reasonable. Further, the magistrate judge properly considered the plaintiff's

failure to seek mental health treatment before January 2006 as one fact among other evidence in the record to support his conclusion.

To be considered severe, an impairment must significantly limit the physical or mental ability to perform basic work functions. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), and 416.921(a). A plaintiff's maladies must be viewed in their totality, not "fragmentized," when evaluating their effects. Hicks v. Gardner, 393 F.2d 299, 302 (1968). Although the plaintiff's mental health records from Willow Ridge assessed her thoughts as scattered, her mood as depressed, her psycho-motor skills as retarded, and her affect as flattened, the plaintiff's memory, judgment, insight, speech, and IQ were found to be normal.[1] Additionally, as the magistrate judge found, nothing in the Willow Ridge record or any other medical records to indicate that the plaintiff's mental impairments imposed a significant limitation on her ability to work. This conclusion is bolstered by the plaintiff's failure to allege any disability arising from her mental impairments in either of the two Disability Reports which she filed on August 4, 2003 and August 13, 2003,[2] or in either of

---

[1]The magistrate judge's report and recommendation erroneously cites transcript pages 384-49. The correct transcript pages are 348-49. However, this error is immaterial, as the substance of the report and recommendation is accurate.

[2]The report and recommendation erroneously cites pages 9 and 147 of the administrative record. The correct pages are 102 and 111. However, this error is immaterial, as the substance of the report and recommendation is accurate.

7

the two Daily Activities Questionnaires which she completed on August 26, 2003 and March 15, 2004. Furthermore, the plaintiff's testimony in her two hearings failed to mention any limitation imposed upon her work ability due to her mental impairments. Rather, her testimony focused exclusively on her physical ailments. Sufficient evidence in the record which is distinct from, and in addition to, the absence of mental health treatment in the plaintiff's medical history until January 2006 supports the ALJ's and magistrate judge's conclusions that the plaintiff's mental impairments are not severe.

B.   <u>Obligation to Obtain Additional Medical Evidence</u>

In her complaint, the plaintiff alleges that the ALJ failed in his obligation to obtain additional medical evidence of the plaintiff's mental impairments. The magistrate judge found that the ALJ had not erred by failing to obtain additional medical evidence because the ALJ was under no duty to do so. Such a duty attaches when the evidence submitted by a claimant is inadequate for purposes of determining whether the claimant is disabled. <u>See</u> 20 C.F.R. § 416.912(e)(1); <u>Cook v. Heckler</u>, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate.") The magistrate judge found that the medical record, rather than being inadequate,

8

furnished sufficient evidence of the plaintiff's history of anxiety and depression while also establishing that the plaintiff's mental impairments did not significantly limit her work-related abilities.

The plaintiff did not object to this portion of the magistrate judge's report and recommendation. Accordingly, this Court reviews for clear error and finds none. This Court agrees with the magistrate judge's assessment that the medical record establishes a history of depression and anxiety but that these mental impairments do not significantly limit her ability to work. Accordingly, the ALJ has met his duty under Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

C. Duty to Consider Impact of Mental Impairments on RFC

The plaintiff alleges that the ALJ erred by failing to consider how her mental impairments affected her residual functional capacity ("RFC"). The magistrate judge found that the ALJ fulfilled his duty to consider the effect of the plaintiff's mental impairments on her RFC by considering in detail the plaintiff's mental impairments and specifically stating that he had considered all of the symptoms the plaintiff presented and had evaluated the extent to which those symptoms were reasonably supported by the medical evidence. Further, the ALJ's determination of the plaintiff's RFC included his observation that despite the presence of "some evidence of non-severe mental impairments" and other evidence of potentially limiting physical

9

conditions, "none of this evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained substantial gainful activity." (R. 27.)

The plaintiff raised no objections to this finding by the magistrate judge. Accordingly, this Court reviews for clear error. This Court does not believe this recommendation to be clearly erroneous. As noted by the magistrate judge, the ALJ's statement, above, shows that the ALJ considered the plaintiff's mental impairment in his evaluation of her RFC.[3]

D. <u>Determination of Plaintiff's Residual Functional Capacity</u>

According to the plaintiff, the ALJ, in determining the plaintiff's RFC failed to consider limitations imposed by her mental impairments and failed to consider other limitations identified by Drs. Ahmed, Garner, Hay, and Bennett. Therefore, the plaintiff urges, the ALJ's determination of her RFC is not supported by substantial evidence.

The magistrate judge found that the plaintiff's allegation concerning the failure by the ALJ to consider the plaintiff's mental limitations is without merit because the ALJ did, in fact,

---

[3]The quoted statement by the ALJ is set forth incorrectly in the report and recommendation as "none of the evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained gainful activity." Mag. J. Report and Recommendation at 28. The correct quote is as follows: "none of this evidence demonstrates that the severity of the impairments, even when considered in combination, precludes all sustained <u>substantial</u> gainful activity." This error is immaterial to the analysis. R. 27 (emphasis added).

consider the plaintiff's mental impairments when he determined her RFC.

The plaintiff objects, repeating her argument that the ALJ failed to include limitations arising from the plaintiff's mental limitations when he determined her RFC. After conducting a de novo review of the record, this Court agrees with the finding of the magistrate judge that substantial evidence supports the ALJ's decision not to include accommodation for the plaintiff's mental impairments, either alone or in combination with her physical impairments, when he determined her RFC. The ALJ properly relied upon the evidence presented concerning the plaintiff's daily activities, the plaintiff's failure to allege disability based upon mental impairments, the plaintiff's failure to offer testimony on any limitations arising from her mental impairment, and the absence of medical evidence that the plaintiff's mental impairments limited her work ability. This evidence adequately supports the ALJ's decision not to include accommodation for the plaintiff's mental impairments, either alone or in combination with her physical impairments, when he determined her RFC.

The plaintiff also objects to the magistrate judge's finding that substantial evidence supports the ALJ's determination of the plaintiff's RFC because the determination fails to consider medical reports by Dr. Ahmed, Dr. Garner, Dr. Hays, and Dr. Bennett, which identify certain postural and environmental limitations on the

plaintiff's work capacity. According to the plaintiff, the magistrate judge erred because--despite acknowledging that the ALJ failed to consider these limitations--the magistrate judge nonetheless determined that the identified limitations typically do not restrict the job options for the full range of unskilled sedentary work. The plaintiff contends that this finding was erroneous because the ALJ had found the plaintiff was not capable of performing the full range of sedentary work and that no evidence in the record supported a finding that the plaintiff could perform the one job named by the Vocational Expert--dispatcher--if the ALJ had properly considered the postural and environmental limitations.

Having reviewed the record de novo, this Court finds that the record provides substantial evidence to support the ALJ's conclusions concerning the plaintiff's RFC. First, after reviewing the medical reports of the above-named physicians, the ALJ rejected the view of Dr. Hays, the DDS physician, that the plaintiff was capable of performing a limited range of work at the light exertional level. Instead, the ALJ relied upon "additional and more recently obtained evidence," including "the opinions of Dr. Ahmed . . . and, most pertinently, Dr. Garner, . . . who provided a very extensive, detailed and thorough evaluation of the claimant's limitations." (R. 26-27.) The ALJ rejected the opinion presented by Dr. Bennett, who "[did] not appear to have seen the claimant often or treated her" and whose opinion "[was] not

12

supported by the objective evidence (laboratory tests, diagnostic tests, clinical findings, or any other reliable evidence)." (R. 27.) In light of the ALJ's rejection of the DDS physician's finding that the plaintiff was capable of light exertional work in favor of a finding that she was limited to sedentary work, this Court concludes that substantial evidence supports the ALJ's RFC determination, despite its omission of the specific limitations the plaintiff believes should have been mentioned (e.g., limitations on pushing and pulling leg controls, crawling, climbing, bending, squatting, activities involving unprotected heights, activities requiring proximity to moving machinery, activities requiring exposure to marked changes in temperature and humidity, standing or walking for six to eight hours per day, sitting for six to eight hours per day, and reaching in all directions, including overhead). Because the ALJ explicitly referred to the medical reports containing these limitations on the plaintiff's ability to work, and, on the basis of those reports, rejected a conclusion that the plaintiff could perform light exertional work, this Court believes that the ALJ properly considered the postural and environmental limitations in determining the RFC.

The plaintiff's objection that the ALJ found the plaintiff's ability to perform unskilled sedentary did not include the full range of such work is correct. Specifically, the ALJ found that the plaintiff's ability was limited to sedentary work which does

not require continuous use of hands. However, the plaintiff is mistaken that the hypothetical presented to the Vocational Expert failed to account for the limitations on the plaintiff's ability to perform sedentary work. Specifically, the ALJ asked the Vocational Expert, "What kind of sedentary jobs would there be that somebody could [do] [if she] couldn't use [her] hands on a continuous [basis]?" (R. 390). The limitations that the plaintiff believes should have been explicitly addressed were already accounted for by the finding that the plaintiff was limited to sedentary work. Accordingly, this Court finds that substantial evidence supports the ALJ's findings.

IV. Conclusion

Because this Court finds that those sections of the magistrate judge's recommendation to which the plaintiff did not object are not clearly erroneous and that the plaintiff's objections to those portions to which the plaintiff does object lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be GRANTED and that the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

14

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 22, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE